UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff-in-Interpleader,<br><br>    v.<br><br>SELENA SANCHEZ, et al.,<br><br>        Defendants-in-Interpleader. | Case No. 2:24-cv-03278-TLN-CSK<br><br>ORDER GRANTING PLAINTIFF-IN-INTERPLEADER'S AMENDED APPLICATION TO DEPOSIT FUNDS<br><br>(ECF No. 28) |

Pending before the Court is Plaintiff-in-Interpleader Metropolitan Life Insurance Company's amended application for leave to deposit funds into the Court registry pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 67. (ECF No. 28.)[1] No party has filed an opposition and because the time to do so has passed, the Court construes the amended application as unopposed. *See* ECF No. 29; E.D. Cal. Local Rule 230(c). Pursuant to Local Rule 230(g), the Court submits the amended application upon the record and pleadings on file. For the reasons that follow, the Court ORDERS Plaintiff's amended application be GRANTED.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, Local Rule 150 and Local Rule 302(c).

1

I.     **The Complaint-in-Interpleader**

This interpleader action is brought pursuant to Federal Rule of Civil Procedure 22. The Complaint-in-Interpleader alleges Decedent Neal Sanchez was an employee of JM Eagle, and a participant in the JM Eagle Life and Disability Program ("Plan"), an ERISA-regulated employee welfare benefit plan sponsored by JM Eagle Life and funded by a group certificate of life insurance issued by Plaintiff-in-Interpleader. Compl. ¶ 8 (ECF No. 1). Plaintiff-in-Interpleader is also the claims administrator of Sanchez's Plan. *Id*. ¶ 9. On July 30, 2015, Sanchez died in an accident. *Id*. ¶¶ 16, 18. At the time of Decedent's death, he was enrolled under the Plan for optional life insurance coverage in the amount of $29,0000, Optional Life in the amount of $29,000, and Personal AD&D in the amount of $29,000, which became payable to Decedent's beneficiary or beneficiaries upon his death. *Id*. ¶ 17. On January 19, 2016, Plaintiff denied the claim for Personal AD&D benefits based on the Plan's drunk driving exclusion because the toxicology report showed Decedent had a BAC of 0.18% at the time of the accident that caused his death. *Id*. ¶ 18. Accordingly, the benefits payable to Decedent's beneficiary or beneficiaries were for a total of $58,000. *Id*. ¶ 19.

Decedent's beneficiary designation form for the Plan dated March 5, 2014, designates four Defendants-in-Interpleader Selena Sanchez, Anthony J. Sanchez, Armando J. Sanchez, and Haydee Arias Sanchez as equal beneficiaries of 25% each. Compl. ¶ 12. On or about January 1, 2015, Decedent's beneficiary designation for his 401(k) was updated naming Defendants-in-Interpleader Selena Sanchez, Anthony J. Sanchez, and Armando J. Sanchez each as 33% beneficiaries. *Id*. ¶ 15. However, due to a technical error in the benefits system that was not discovered until July 2015, the benefits system did not allow JM Eagle employees to update their beneficiary designations for their life insurance benefits and it is unknown to Plaintiff-in-Interpleader if Decedent had intended to make the same beneficiary designation changes to his life insurance as his 401(k). *Id*. ¶¶ 14-15, 26.

On August 10, 2015, Defendant-in-Interpleader Selena Sanchez filed a

Claimant's Statement. Compl. ¶ 20. Defendant-in-Interpleader Haydee Arias Sanchez completed Claimant's Statements on behalf of Defendants Anthony and Armando Sanchez, who were minors at the time. *Id*. ¶¶ 21-22. As of November 2015, Plaintiff-in-Interpleader has paid out Defendants Selena, Anthony and Armando Sanchez's uncontested share of 25% of the Plan benefits. *Id*. ¶¶ 23-25. Plaintiff-in-Interpleader has not been able to determine whether Decedent would have changed his beneficiary designations for his life insurance benefits to match his beneficiary designations for his 401(k) had it not been for the technical malfunctions on the JM Eagle's benefits system. *Id*. ¶ 26. Plaintiff-in-Interpleader asserts if it is determined that Decedent would have changed his beneficiary designation on his life insurance benefits consistent with the changes made to his 40(k) beneficiary designations, thereby excluding Defendant Haydee Sanchez as a beneficiary, the remaining 25% of the overall Plan benefits would be payable to Defendants Selena, Anthony, and Armando Sanchez in equal shares. Id. ¶ 27. However, if it is determined that Decedent would not have changed his beneficiary designations on his life insurance benefits and therefore not exclude Defendant-in-Interpleader Haydee Sanchez as a beneficiary, the remaining Plan benefits, equaling 25% of the overall Plan benefits, would be payable to Haydee Sanchez. *Id*. ¶ 28. Thus, Plaintiff-in-Interpleader contends it has remained unable to disburse the remaining Plan benefits "without risking exposure of itself, the Plan and JM Eagle to multiple claims and liabilities." *Id*. ¶ 44. Further, Plaintiff-in-Interpleader contends as a "mere stakeholder" it makes no claim to the remaining Plan benefits other than payment of its reasonable attorney's fees and costs in connection with this action. *Id*. ¶ 45.

## II.     DISCUSSION

Federal Rule of Civil Procedure 22(a) and 28 U.S.C. § 1335 permit a party to file an interpleader claim when the party faces possible exposure to multiple liabilities from the defendants. "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants in a single fund.'" *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minnesota Mut. Life Ins.*

*Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).

Through its amended application, Plaintiff-in-Interpleader seeks leave to deposit the Plan's remaining life insurance benefits at issue, in the amount of $10,159.99 plus applicable interest, into the Court Registry. Pl. Mot. (ECF No. 28). Federal Rule of Civil Procedure Rule 67(a) provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party on notice to every other party and by leave of court may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

"The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Lasheen v. Loomis Co.*, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018) (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007)). Money deposited under Rule 67 "must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Fed. R. Civ. P. 67(b); *see also Star Envirotech, Inc. v. Redline Detection, LLC*, 2016 WL 1069039, at *6 (C.D. Cal. Mar. 17, 2016) (ordering the disputed funds to be deposited in accordance with Rule 67(b)). "The decision to allow the deposit of property pursuant to Rule 67 is discretionary." *Lasheen*, 2018 WL 4679305, at *3 (citation omitted).

Here, the Court finds that deposit of Decedent's remaining life insurance benefits in the Plan into an interest-bearing account is appropriate. Plaintiff-in-Interpleader contends it is a "mere disinterested stakeholder and makes no claim to these benefits other than payment of its reasonable attorney's fees and costs in connection with this action." Pl. Mot. at 2. Plaintiff-in-Interpleader has been unable to determine who among the Defendants-in-Interpleader is entitled to Decedent's remaining life insurance benefits due to the unresolved issue of whether Decedent would have changed his beneficiary designations for his life insurance Plan benefits but for the technical malfunctions of JM Eagle's benefits system in 2015. Compl. ¶¶ 39-42. As a result, Plaintiff-in-Interpleader remains unable to disburse the remaining Plan benefits without risking exposure to

multiple claims and liabilities. *Id*. ¶ 44. Plaintiff-in-Interpleader also alleges that it is "ready, willing, and able to pay" the remaining Plan benefits to whichever Defendants-in-Interpleader the Court designates. *Id*. ¶ 46. Given multiple parties may claim entitlement to Decedent's remaining Plan benefits, deposit of the remaining life insurance benefits in the Plan into an interest-bearing account is appropriate to relieve Plaintiff-in-Interpleader from responsibility for the remaining Plan benefits while the Court determines how the remaining Plan benefits should be distributed. *See Star Envirotech, Inc.*, 2016 WL 1069039, at *6. In addition, there is no opposition by any party to Plaintiff-in-Interpleader's amended application. *See* Docket; *Lasheen*, 2018 WL 4679305, at *3.

Accordingly, Plaintiff-in-Interpleader's amended application is granted for Plaintiff-in-Interpleader, or its authorized agent or representative, to deposit a check made payable to the Clerk of the United States District Court for the Eastern District of California in the amount of $10,159.99, plus any appliable interest, into an interest-bearing account in the Court Registry.

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff-in-Interpleader's amended application for leave to deposit funds (ECF No. 28) is GRANTED; and
2. Within 14 days of the date of entry of this order, Plaintiff-in-Interpleader shall issue and deliver a check payable to the Clerk of the United States District Court for the Eastern District of California in the amount of $10,159.99 plus any appliable interest into an interest-bearing account in the Court Registry.

Dated: September 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, metr3278.24